(105 So. 426)

### GILES v. STATE. (5 Div. 559.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. **Criminal law ⚖══308—One charged with violation of prohibition law is attended by usual presumption of innocence.**

One accused of violation of prohibition law is attended by usual presumption of innocence, as if he had been charged with violation of any other criminal law.

2. **Intoxicating liquors ⚖══238(1)—On evidence presenting jury question, refusal to direct verdict for accused held not error.**

In prosecution for violation of prohibition law, on evidence presenting jury question, refusal of special written charge directing verdict for accused was not error.

3. **Intoxicating liquors ⚖══238(1) — Evidence of violation of prohibition law held sufficient to go to jury.**

In prosecution for violation of prohibition law, evidence that accused's car was discovered containing whisky, and that he attempted to escape, together with other evidence, was sufficient to go to jury.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Oscar Giles was convicted of violating the prohibition law, and he appeals. Affirmed.

Saxon & Pitts, of Clanton, for appellant.

Refusal of the affirmative charge was reversible error. Gray v. State, 19 Ala. App. 661, 100 So. 81; Hobdy v. State, 20 Ala. App. 44, 100 So. 571; Morris v. State, 18 Ala. App. 435, 92 So. 910.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was sufficient to sustain the conviction. Williams v. State, 18 Ala. App. 286, 92 So. 28.

BRICKEN, P. J. The principal insistence of error, upon this appeal, is that the defendant's substantial rights were erroneously and injuriously affected by the refusal of the court to give at his request in writing the general affirmative charge.

[1] It is true, as insisted by counsel for appellant, that, even though the defendant was charged with a violation of the prohibition laws of the state, yet the usual presumption of innocence attended him upon this trial, as it should had he been charged with the violation of any other criminal law of the state.

[2] An examination of all the evidence in this case, as shown by this record, however, convinces this court that a jury question was presented. This being true, the trial court was without authority to direct a verdict for the defendant, and therefore refused the special written charge to this effect without error.

[3] The evidence adduced was without conflict, as the defendant did not take the stand in his own behalf, nor did he offer any witness. It disclosed that the car found upon the river flat had in it several packages or containers of whisky, and that it was this defendant's car; that he was present at the time, and when the officers' presence became known the defendant jumped into the river and swam away in his effort to escape. There was other evidence from which the defendant's guilt as charged could be inferred; therefore, as stated, he was not entitled to be discharged as a matter of law.

No error appearing, the judgment of conviction appealed from is affirmed.

Affirmed.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes